```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     SOUTHERN DIVISION at LONDON
```

| | |
|---|---|
| JOHN ROBERT HUBBARD,  ) | |
| ) | |
| Plaintiff,  ) | Civil No. |
| ) | 6:20-cv-220-JMH |
| v.  ) | |
| ) | |
| KNOX COUNTY SHERIFF'S  ) | **MEMORANDUM OPINION** |
| DEPARTMENT, et al.,  ) | **AND ORDER** |
| ) | |
| Defendants.  ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

John Hubbard, proceeding without counsel, has filed a civil action against the Knox County Sheriff's Department, the Knox County Attorney and Assistant Attorney, and a Knox County District Judge. Hubbard has also moved for leave to proceed *in forma pauperis*. For the reasons that follow, Hubbard's fee motion will be **GRANTED** but his case will be **DISMISSED**.

To begin, the Court has reviewed the financial information provided by Hubbard [DE 2] and will allow him to proceed in this matter as a pauper, waiving the administrative and filing fees. Accordingly, the Court conducts a preliminary screening of Hubbard's complaint. *See, e.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting the district court must still screen complaints filed by non-prisoners under § 1915(e)). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Hubbard's complaint that is frivolous,

malicious, or fails to state a claim upon which relief may be granted.

Upon review, and even liberally construing the *pro se* complaint, Hubbard's claims will be dismissed upon screening. Although not entirely clear from the face of the complaint [*see* DE 1], Hubbard's claims appear to center around the events that transpired in a recent Knox District Court criminal case, *Commonwealth v. John Hubbard*, Case No. 20-M-00554 (Knox Dist. Ct. 2020). In that case, Hubbard pleaded guilty to second degree stalking. In the present lawsuit, Hubbard claims he was maliciously prosecuted in the Knox District Court case and that his constitutional rights were violated during the course of those proceedings. [*See* DE 1 at 4].

For a variety of reasons, the Court finds that Hubbard has failed to state a claim for relief under 42 U.S.C. § 1983. First, Hubbard has not adequately pled each of the elements of a successful malicious prosecution claim. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 485 (1994); *see also, e.g., Jones v. Clark County*, 959 F.3d 748, 763-64 (6th Cir. 2020). Here, Hubbard does not allege the criminal proceeding was terminated in his favor. Instead, he admits to pleading guilty to the charges against him. [DE 1 at 2-3].

Further, Hubbard's civil rights claims necessarily call into question his Knox District Court conviction. Under *Heck v. Humphrey* and its progeny, Hubbard is barred from bringing a civil rights case that would necessarily challenge the validity of his underlying conviction or sentence, unless that conviction has already been overturned. *See Heck*, 512 U.S. at 486-87. If Hubbard believes his conviction or sentence in *Commonwealth v. Hubbard* is unconstitutional—due to, for example, a violation of the Sixth Amendment's Confrontation Clause [*see* DE 1 at 4], he may address that via an appropriate direct appeal or postconviction motion. Until he does so, relief under 42 U.S.C. § 1983 is premature.[1]

For these reasons, the Court hereby **ORDERS** as follows:

(1) The plaintiff's motion to proceed *in forma pauperis* [DE 2] is **GRANTED** and the filing and administrative fees in this matter are **WAIVED**;

(2) This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and

(3) Judgment shall be entered contemporaneously herewith.

---

[1] The Court notes that the statute of limitations should not be a problem for Hubbard, because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90.

3

This the 6th day of November, 2020.